# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME MARKAY,<br><br>                Plaintiff,<br><br>   v.<br><br>BRIAN YEE, et. al.,<br><br>                Defendants.<br>_____/ | CV F   02 6173 OWW LJO P<br><br>ORDER DENYING MOTION TO COMPEL (Docs 49, 50.)<br><br>ORDER DENYING MOTION "REQUIRING DEFENDANTS TO SERVE MOTION TO COMPEL WITH EXHIBITS" (Doc. 55.)<br><br>ORDER DIRECTING CLERK OF COURT TO RETURN LODGED AMENDED COMPLAINT TO PLAINTIFF |

    Jerome Markay ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

    On February 8, 2005, this Court issued a Scheduling Order setting fort a discovery deadline of August 5, 2005.

    On August 5, 2005, Plaintiff filed a Notice of Motion and Motion to Compel.  (Doc. 49.) Plaintiff indicates that he is seeking all discovery documents previously requested as well as a copy of the Deposition taken of him on July 29, 2005.  On August 8, 2005, Plaintiff resubmitted the identical motion with attachments different from those previously submitted.  (Doc. 50.)

    On August 17, 2005, Plaintiff lodged an Amended Complaint.

    Defendants filed an Opposition to the Motion to Compel on August 22, 2005.  (Doc. 52.) Defendants also filed separately, exhibits to the Opposition to the Motion to Compel.  (Doc. 53.)

1   Also on August 22, 2005, Defendants filed an Opposition to Plaintiff's Motion to Amend
2   the Complaint. (Doc. 54.)
3   On August 30, 2005, Plaintiff filed a pleading titled "Motion requiring Defendants to
4   serve Plaintiff with Motion to Compel with Exhibits. Plaintiff states that he learned through the
5   Court docket that the Opposition was filed and would like a chance to respond to the Opposition.

**A. Motions to Compel**

As noted above, Plaintiff has moved to compel the production of documents and deposition transcript on August 5 and 8, 2005.[1] Plaintiff states that he has forwarded his requests to Defendants but that he was only able to review his file on August 3, 2005 and has yet to receive copies of the records. Plaintiff then states that he has yet to review his central file or receive the D Housing Log. Plaintiff states that he made the requests to Defendants without success. Plaintiff then states that he raised this issue to Counsel for Defendants at his deposition on July 29, 2005, and Counsel said he would look into the matter, however, he has yet to receive the documents. Plaintiff also states that his request for a copy of the deposition transcript was denied.

In the Opposition to the Motion to Compel, Defendants assert that (1) Defendants have produced all documents in their custody, control or possession that are responsive to Plaintiff's requests; (2) Plaintiff is not entitled to a response to his second requests for admissions because the request was untimely and (3) Plaintiff is not entitled to receive a copy of his deposition transcript at Defendant's expense. (Opposition at 2.)

*1. Rule 37 Certification*

The Court's discovery and scheduling order issued June 15, 2004, stated specifically that all discovery was to comply with all pertinent rules including Rules 5, 7, 11, 26, and 37 of the Federal Rules of Civil Procedure and Rules 11-110, 7-130, 7-131, 7-132, 5-134, 5-135, 6-136, 43-140 and 78-230(m) of the Local Rules of Practice for the United States Court.

Rule 37(a)(2)(A) of the Federal Rules of Civil Procedure provides that a motion to

---

[1] Although the second Motion filed on August 8, 2005, is untimely as the discovery deadline expired on August 5, 2005, it is identical to that filed on August 5, 2005, which *is* timely.

compel contain certification that the moving party has, in good faith, conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court intervention.  The Motion before the court, however, contains no certification that plaintiff has complied with the meet and confer requirement imposed by the rules.

Upon review of the motion to compel, however, the court notes that Plaintiff has failed to comply with Federal Rule fo Civil Procedure 37(a)(2)(A).  Accordingly, his Motion can be denied on this basis alone.

### 2. Request for Production of Documents

Although Plaintiff is not entitled to relief due to his failure to comply with the rules of discovery, Defendants assert that they have produce all documents in their possession or control relevant to Plaintiff's claims.

Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, "any party may serve on any other party a request to produce and permit the party making the request . . . to inspect and copy any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a)(1).  Where a party fails to make the required disclosures, a party may move to compel the production of documents.  Fed. R. Civ. P. 37(a).  "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objections." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992)(citing to Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981).

Here, Plaintiff fails to make clear to the Court the exact document he is seeking.  From the Motion, it appears that some of the documents Plaintiff is seeking to compel are contained in his medical or central files. (Motion to Compel at 1.)  However, as noted by Defendants, these documents may be reviewed and copied by Plaintiff by making such request to his prison counselor. (Opposition at 2.)  As the documents are equally accessible to both parties, the Court will not issue an Order compelling Defendants to produce them.

Defendants further indicate that as a courtesy to Plaintiff, Counsel made a written request to the prison litigation coordinator, however, Counsel is unaware of the outcome.  Id. at 3.  In any event, because the materials are accessible to both parties, Defendants are not obligated to

3

produce them for Plaintiff.  Accordingly, Plaintiff's Motion to Compel production of his medical and central files is DENIED.

### *3. Requests for Admissions*

Plaintiff contends that he has yet to receive the responses to his second set of requests for admissions.  (Motion at 2.)

Defendants counter by asserting that Plaintiff's request was untimely and as such, his Motion to Compel on this basis should be denied by this Court. (Opposition at 3.)

The Court's discovery order issued February 8, 2005, stated specifically that "2. Responses to written discovery requests shall be due forty-five (45) days after the request is first served; [and] 3. To ensure that the responding party has forty-five (45) days after the request is first served to respond, discovery requests must be served at least forty-five (45) days before the discovery deadline[.]" (Doc. 37.)   In this case, Plaintiff would have had to serve his written discovery requests by June 21, 2005, in order to provide sufficient time for Defendants to serve their responses.  However, Plaintiff did not serve his requests until June 26, 2005.  Despite being informed that his requests would not be responded to, Plaintiff did not move for an extension of time.  Thus, Defendants are correct in asserting that Plaintiff's request were untimely and his Motion to Compel on these grounds must be DENIED.

### *4. Request for Deposition Transcript.* .

Plaintiff also seeks to compel Defendants to produce a copy of his Deposition transcript and states that Defendants have denied this request previously.

Defendants oppose this request on the grounds that Plaintiff is not entitled to a copy of the transcript at the Defendant's expense.

Nothing in the Federal Rules entitles Plaintiff to a free copy of his deposition transcript.  Pursuant to Rule 30(f)(2) of the Federal Rules of Civil Procedure, should Plaintiff wish to obtain a copy for his own records, he is required to pay for it.  Accordingly, his request for a copy of his deposition transcript is DENIED.

**B. Lodged Amended Complaint**

As noted above, on August 17, 2005, Plaintiff submitted an Amended Complaint with the

Court. However, because Plaintiff had not requested or received permission to file one and the responsive pleading had already been filed by Defendants, the Clerk of Court lodged the Amended Complaint instead of filing it.

On August 22, 2005, Defendants Opposed the Motion to Amend the Complaint. However, as noted above, there is no Motion to Amend the Complaint on file with the Court. As such, Plaintiff provides no justification as to why he is seeking to Amend the Complaint at this late stage in the proceedings. Accordingly, the Court will DIRECT the Clerk of Court to return the lodged Amended Complaint and copies to Plaintiff.

**C. Motion Requiring Defendants to Serve Plaintiff with Motion to Compel with Exhibits**

Plaintiff's titling of this pleading is confusing as the pleading itself does indicate in any way that Plaintiff was not served with the Opposition to the Motion to compel or the Exhibits thereto. The Court has reviewed the record and finds Declarations of Service attached to both the Opposition and set of Exhibits separately filed. Thus, there is no merit to the implied allegations in the caption of the pleading.

In the body of the pleading, Plaintiff states that he wishes the opportunity to respond to the Opposition to the Motion to Compel. However, permission to reply to an Opposition is unnecessary. Thus, the Motion will be DENIED.

**D. Order**

The Court HEREBY ORDERS:

1. The Motions to Compel are DENIED:
2. The Clerk of Court is DIRECTED to return to Plaintiff the lodged Amended Complaint and copies;
3. The Motion requiring Defendants to Serve Plaintiff with the Motion to Compel and Exhibits is DENIED.

IT IS SO ORDERED.

Dated:   September 1, 2005            /s/ Lawrence J. O'Neill
b9ed48                              UNITED STATES MAGISTRATE JUDGE